# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE LARRY FRYE,

    Debtor,

Bankruptcy Case Number
18-80873-CRJ-13

LARRY FRYE,

    Plaintiff,

v.

Adversary Proceeding No.

SN SERVICING CORPORATION,
US BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE FOR LSF10
MASTER PARTICIPATION TRUST, and
CALIBER HOME LOANS, INC.

    Defendants.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Larry Frye ("Frye"), makes the following allegations in his complaint against the defendants, SN Servicing Corporation ("Servicing"), US Bank Trust National Association as Trustee of the Igloo Series IV Trust ("US Bank"), and Caliber Homes Loans, Inc. ("Caliber").

### Parties, Jurisdiction, and Nature of Action

1.    Frye is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on March 22, 2018. Servicing is a corporation organized and existing under the laws of the State of Alaska. US Bank is a corporation organized and existing under the laws of the State of Delaware. Caliber is a corporation organized and existing under the laws of the State of Delaware. At all times material to this complaint, Servicing, US Bank, and Caliber regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Frye did business with one

or more of the defendants within this district and division, and it is these business transactions that give rise to this litigation.

2. Ditech was originally listed as a creditor in the schedules filed by Frye. US Bank filed a transfer of claim from Ditech to US Bank for money loaned secured by real property located at 251 Saddle Rock Court, Harvest, AL 35749.

3. Despite having both notice and actual knowledge of the commencement of Frye's case, filing a transfer of claim for Frye's mortgage debt, and filing Proof of Claim number 9 for post-petition mortgage arrearage, Servicing and US Bank sent a mortgage statement attempting to collect on a debt that was subsumed in a claim filed by US Bank for post-petition mortgage arrearage and being paid through the Chapter 13 bankruptcy. In essence, they were double-dipping.

4. Frye brings this action to recover actual damages sustained as a result of the defendants' willful violation(s) of the automatic stay in this case and to recover punitive damages from the defendants for their violation(s) of the stay.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Frye's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Frye and the defendants. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. Frye incorporates by reference the allegations in paragraphs one through five of this complaint.

7. Frye specifically alleges an agency relationship exists between Servicing and US Bank.

8. Frye specifically alleges an agency relationship exists between Caliber and US Bank.

9. Ditech was originally listed as a creditor in on Schedule D filed by Frye. US Bank filed a transfer of claim from Ditech to US Bank for money loaned secured by real property located at 251 Saddle Rock Court, Harvest, AL 35749.

10. US Bank and Caliber filed Proof of Claim number 9 in Frye's bankruptcy case on 10/24/2019. Proof of Claim number 9 was filed for mortgage arrearage on a recorded mortgage

for real property located at 251 Saddle Rock Court, Harvest, AL 35749. The total post-petition arrearage as of the date of filing of Proof of Claim number 9 is $10,767.70.

11. As a result of US Bank filing a transfer of claim on October 10, 2018, US Bank, Caliber, and Servicing had both notice and actual knowledge of both the commencement of and all the proceedings in Frye's bankruptcy case.

12. As a result of US Bank and Caliber filing Proof of Claim number 9, US Bank, Caliber, and Servicing had both notice and actual knowledge of both the commencement of and all the proceedings in Frye's bankruptcy case.

13. Pursuant to 11 U.S.C. §362 of the Bankruptcy Code, the commencement of Frye's bankruptcy case gave rise to the automatic stay which, among other things, prohibited the named defendants from attempting to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate of Frye's bankruptcy case.

14. Despite the imposition of the automatic stay by the commencement of this case, and having both notice and actual knowledge of the commencement of this case, and despite the filing of a transfer of claim by and proof of claim by US Bank and Caliber, Servicing sent, on behalf of US Bank and/or Caliber, a mortgage statement to Frye dated 5/6/2020. The mortgage statement lists Frye's account number, a payment due date of 6/1/2020, and a Total Amount Due of $12,360.68. Under the heading Explanation of Amount Due, the statement lists unpaid dates of 11/1/2018, 12/1/2018 – 5/1/2020, and 6/1/2020. Given that the Order on Motion for Relief from Automatic Stay was conditionally denied on 10/02/2019 and the subsequent claim for post-petition mortgage arrearage was filed on 10/24/2019, the amount the defendants are attempting to collect are included in Claim number 9. Further, under the heading Delinquency Notice, the mortgage statement says: "**You are late on your mortgage payments**. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of May 6, 2020, you are 551 days delinquent on your mortgage loan and your most delinquent payment was due on 11/1/2018. **\*Total: $12,360.68 due. You must pay this amount to bring your loan current**." The mortgage statement sent by Servicing, US Bank, and Caliber is a coercive, direct, and blatant violation of 11 U.S.C. §362. Servicing, US Bank, and Caliber made a "business decision" that it was more profitable to violate the Stay than to adhere to it. This communication is not informational only. Quite to the contrary, it overtly demands payment and has the effect of coercing payment. US Bank and/or Caliber and Servicing have been receiving payments on the

post-petition mortgage arrearage claim in Frye's bankruptcy case from the trustee since 12/2/2019 and as recently as 5/1/2020. Debtor's counsel argues this is a serious departure from the automatic stay and that this honorable court should consider the imposition of coercive sanctions to dissuade the defendants from engaging in such conduct in the future.

15. The actions of Servicing, US Bank, and Caliber violate 11 U.S.C § 362 as set forth in this complaint.

16. Frye has sustained, and continues to sustain, injury and damage as a result of the defendants' willful violation(s) of the automatic stay. Despite following the proper procedures for paying his mortgage arrearage as instructed by his counsel, he received a demand for payment with a threat of foreclosure and is in fear of losing his home.

17. The defendants' actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

18. Under 11 U.S.C. §362(k)(1), Frye is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the defendants for their willful and intentional violation(s) of the automatic stay. The statement is emblematic of a systematic abuse where this creditor has made a business decision that it is cheaper to violate the Stay than to abide by it. See also *Mercado v. SN Servicing Corporation, U.S. Bank National Trust Association, and Nationstar Mortgage, LLC* (AP No. 20-80059-CRJ). That case is currently pending before this honorable Court and provides strong indication that the defendants have no viable systems and procedures in place to prevent stay violations.

**WHEREFORE**, Frye asks this court to enter an order:

(A) Awarding Frye compensatory damages against Servicing, US Bank, and Caliber, including the reasonable attorney's fees and costs incurred by Frye in the preparation and prosecution of this adversary proceeding;

(B) Awarding Frye damages, including damages for emotional distress against Servicing, US Bank, and Caliber. This award should also include reasonable attorney's fees and costs;

(C) Awarding Frye punitive damages against Servicing, US Bank, and Caliber for their willful violation(s) of the automatic stay, such damages being intended to instill in the defendants and other creditors due respect for this court and its

orders and to deter them from taking similar action against Frye and similarly situated debtors in the future;

(D) Voiding the mortgage debt owed by Frye to Servicing, US Bank, and Caliber in its entirety; and

(E) Granting Frye any additional or different relief this court deems appropriate.

Dated: 05/18/2020

Respectfully submitted

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff,
Larry Frye

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com