# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE LARRY FRYE,  )<br>  )<br>  Debtor,  )<br>  )<br>LARRY FRYE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SN SERVICING CORPORATION,  )<br>US BANK TRUST NATIONAL  )<br>ASSOCIATION AS TRUSTEE FOR  )<br>LSF10 MASTER PARTICIPATION  )<br>TRUST, and CALIBER HOME LOANS,  )<br>INC.  )<br>  )<br>  Defendants.  )  | **Bankruptcy Case Number:**<br>**18-80873-CRJ-13**<br><br>**Adversary Proceeding Number:**<br>**20-80072-CRJ** |

## DEFENDANT CALIBER HOME LOANS, INC.'S ANSWER

Defendant Caliber Home Loans, Inc. ("Defendant"), by and through its undersigned counsel of record, hereby files its answer to Plaintiff Larry Frye's ("Plaintiff") Complaint. For its response to the specifically enumerated paragraphs of the Plaintiff's Complaint, Defendant states as follows:

### PARTIES, JURISDICTION, AND NATURE OF ACTION

1.  Defendant admits only that Plaintiff is a debtor in the above-captioned bankruptcy case, that Defendant conducts business in the State of Alabama, and that Defendant was organized under the laws of Delaware. No response is required as to the allegations of paragraph 1 that are directed at other defendants. Defendant denies the remaining allegations in Paragraph 1 of the Complaint, to the extent they are directed to this Defendant.

1

2. Defendant states that the filings in Plaintiff's bankruptcy action referenced in paragraph 2 of the Complaint speak for themselves.

3. Denied.

4. Defendant denies that Plaintiff is entitled to the requested damages or any damages whatsoever.

5. Paragraph 5 of the Complaint contains jurisdictional and quasi-jurisdictional statements to which a responsive pleading is not required. To the extent Paragraph 5 contains factual allegations to which a responsive pleading is required, Defendant does not contest that this Court has jurisdiction over this proceeding and that it is a "core" proceeding under 28 U.S.C. § 157(b).

## CLAIM – VIOLATION OF THE AUTOMATIC STAY

6. Defendant incorporates by reference its responses to the foregoing paragraphs.

7. Denied.

8. Denied as alleged.

9. Defendant states that the filings in Plaintiff's bankruptcy action referenced in paragraph 9 of the Complaint speak for themselves.

10. Defendant states that the filings in Plaintiff's bankruptcy action referenced in paragraph 10 of the Complaint speak for themselves.

11. Defendant states that the filings in Plaintiff's bankruptcy action referenced in paragraph 11 of the Complaint speak for themselves. Defendant denies the remaining allegations of paragraph 11.

12. Defendant states that the filings in Plaintiff's bankruptcy action referenced in paragraph 12 of the Complaint speak for themselves. Defendant denies the remaining allegations of paragraph 12.

13. Paragraph 13 contains only legal conclusions, wo which no response is required.

14. Paragraph 14 of the Complaint contains numerous lengthy and ambiguous allegations in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure and conclusions of law to which no response is possible or required. Defendant specifically denies that it sent the mortgage statement referenced in paragraph 14, or that the mortgage statement was sent on its behalf.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

Unless expressly admitted herein, Defendant denies all material allegations of the Complaint, including all unnumbered paragraphs and footnotes.

## AFFIRMATIVE DEFENSES

Defendant asserts the following additional defenses. Discovery and investigation of this case are not yet complete, and Defendant reserves the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate. In further answer to the Complaint, and by way of additional defenses, Defendant avers as follows:

## FIRST DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

3

Case 20-80072-CRJ    Doc 11    Filed 06/18/20    Entered 06/18/20 14:30:44    Desc Main
Document    Page 3 of 8

**SECOND DEFENSE**

Defendant denies that Plaintiff has been injured or damaged by Defendant and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to any of the relief sought in the Complaint.

**THIRD DEFENSE**

Plaintiff failed to mitigate his damages.

**FOURTH DEFENSE**

Defendant transferred its interest in Plaintiff's loan prior to the conduct that Plaintiff alleges violated the automatic stay.

**FIFTH DEFENSE**

Defendant pleads the defenses of laches, acquiescence, ratification, statute of frauds, repose, res judicata, waiver, set-off, illegality, fraud, parol evidence, payment, judicial estoppel, and collateral estoppel.

**SIXTH DEFENSE**

Defendant did not breach any duty or obligation allegedly owed to Plaintiff.

**SEVENTH DEFENSE**

Any acts, statements, representations or omissions by persons or entities other than Defendant that caused any damage to the Plaintiff, which Defendant does not concede, were not authorized by Defendant and were not performed or given with actual, implied, or apparent authority of Defendant. Alternatively, Plaintiff is not entitled to recover from Defendant because his damages, if any, were caused by acts or omissions of others for which Defendant had no responsibility. Further, Defendant denies any liability for the acts of other persons or entities under a theory of respondeat superior, vicarious liability, agency, or otherwise.

### EIGHTH DEFENSE

Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes, or the acts or omissions of third parties.

### NINTH DEFENSE

Plaintiff's claims are barred because Defendant performed its obligations. Plaintiff's claims are also barred because Plaintiff failed to perform his obligations.

### TENTH DEFENSE

Defendant is not the proximate or actual cause of any damages suffered or incurred by Plaintiff.

### ELEVENTH DEFENSE

Defendant pleads the defenses of release, and accord and satisfaction.

### TWELFTH DEFENSE

Plaintiff's claims are barred because Plaintiff suffered no damages.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

### FOURTEENTH DEFENSE

Some or all of the claims asserted are barred by express written disclosures signed or received by Plaintiff.

### FIFTEENTH DEFENSE

Some or all of the claims asserted are barred by the economic loss doctrine.

### SIXTEENTH DEFENSE

Plaintiff's claims are, in whole or in part, preempted by applicable law.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the terms and conditions of the contracts that are the subject of this lawsuit.

## EIGHTEENTH DEFENSE

Defendant denies that it is guilty of any conduct entitling Plaintiff to recover punitive damages.

## NINETEENTH DEFENSE

Plaintiff's allegations, to the extent that they seek punitive or exemplary damages, violate Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fail to state a cause of action supporting the punitive or exemplary damages claimed.

## TWENTIETH DEFENSE

Any award of punitive damages to Plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds set forth by the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996), wherein the Court determined that the provisions of Alabama law governing the right to recover punitive damages

or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and would violate Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by his failure to do equity and the doctrine of unclean hands.

/s/ Grant A. Premo
Grant A. Premo
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
gpremo@bradley.com
*ATTORNEYS FOR US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR LSF10 MASTER PARTICIPATION TRUST & CALIBER HOME LOANS, INC.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

   *All counsel of record.*

                 /s/ Grant A. Premo
                 OF COUNSEL

8

Case 20-80072-CRJ Doc 11 Filed 06/18/20 Entered 06/18/20 14:30:44 Desc Main Document Page 8 of 8