# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: } | |
| } | |
| LARRY FRYE } | CASE NO. 18-80873-CRJ-13 |
| } | |
| } | CHAPTER 13 |
| Debtor. } | |
| | |
| LARRY FRYE } | AP NO. 20-80072-CRJ |
| } | |
| Plaintiff, } | |
| v. } | |
| } | |
| SN SERVICING CORPORATION, US BANK } | |
| TRUST NATIONAL ASSOCIATION AS } | |
| TRUSTEE FOR LSF10 MASTER } | |
| PARTICIPATION TRUST, and CALIBER } | |
| HOME LOANS, INC. } | |
| Defendants. } | |

## ORDER DENYING MOTION TO DISMISS

The above-styled Adversary Proceeding is scheduled to come before the Court on July 14, 2020 for Status Conference and upon SN Servicing Corporation and U.S. Bank Trust's Motion to Dismiss (the "Motion to Dismiss") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, or in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Section 362(a) of the Bankruptcy Code generally prohibits any collection activity by a creditor against a debtor.[1] In this Adversary Proceeding, the Plaintiff alleges that the Defendants, despite filing a proof of claim in his underlying bankruptcy case for postpetition mortgage arrearage, sent the Plaintiff a mortgage statement attempting to collect the postpetition mortgage

---
[1] 11 U.S.C. § 362(a).

arrearage which is being paid through the Plaintiff's confirmed Plan in violation of 11 U.S.C. § 362(a).

The Motion to Dismiss argues that this Court lacks subject matter jurisdiction over the claims asserted in this Adversary Proceeding because the Plaintiff has failed to allege any facts showing that he suffered a concrete and particularized injury and failed to allege any facts showing any actual damages. Accordingly, the Defendants argue that this action should be dismissed for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). For the same reasons, the Defendants argue that the Plaintiff has failed to state a claim upon which relief can be granted under 11 U.S.C. § 362(k) and seek dismissal pursuant to FED. R. CIV. P. 12(b)(6) based upon Plaintiff's failure to plead facts showing actual damages.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[2] Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of the stay provided by this section **shall recover actual damages, including costs and attorneys' fees,** and in appropriate circumstances, may recover punitive damages."[3] In the case of *Parker v. Credit Central South, Inc. (In re Parker)*, 634 Fed. Appx. 770 (11th Cir. 2015), the Eleventh Circuit found that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[4]

Based upon the foregoing, the Court finds that the Motion to Dismiss should be denied because the Plaintiff's Complaint initiates a core proceeding over which this Court has subject

---

[2] *See Walker v. Got'cha Towing & Recovery, LLC (In re Walker)*, 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales (In re Banks)*, 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).
[3] 11 U.S.C. § 362(k)(1) [emphasis added].
[4] *Id.* at 773.

matter jurisdiction. Further, if the Court determines that the Defendants willfully violated the automatic stay, any attorney's fees and costs incurred by the Plaintiff to enforce the automatic stay and to prosecute this Adversary Proceeding constitute actual damages pursuant to 11 U.S.C. § 362(k).

**IT IS THEREFORE ORDERED, ADJUDGED and DECREED** that the Motion to Dismiss is hereby **DENIED** and the hearing scheduled on the Motion to Dismiss is **VACATED**. The deadline for the Defendants to file an Answer to the Complaint is fixed as **July 22, 2020** by **5:00 p.m., CDT.**

Dated this the 1st day of July 2020.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge